Corinne Chandler - SBN 111423
    Email: cchandler@kantorlaw.net
Alan Kassan - SBN 113864
    Email: akassan@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525 (Tel)
(818) 350 6272 (Fax)

Attorneys for Plaintiff,
Beatrice Orkin Gottlieb

FILED
CLERK, U.S. DISTRICT COURT
MAR 1 2 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

___ Priority
___ Send
___ Clsd
_✓_ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BEATRICE ORKIN GOTTLIEB,

    Plaintiff,

v.

CONSECO SENIOR HEALTH
INSURANCE COMPANY, DOING
BUSINESS AS SENIOR HEALTH
INSURANCE COMPANY OF
PENNSYLVANIA,

    Defendant.

Case No.: CV 11-02203 GHK (VBKx)
Assigned to the George H. King

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

1. Certifying Settlement Class
2. Finally Approving Proposed Settlement
3. Awarding Representative Enhancement Award; and
4. Entering Judgment

This matter came on to be heard upon Plaintiff Beatrice Orkin Gottlieb's ("Plaintiff") Motion for Final Approval of the Class Action Settlement in this action. On November 5, 2012, this Court conducted a preliminary approval hearing upon the proposed settlement of the class action claims in this matter. Pursuant to said hearing, this Court issued an Order on November 9, 2012, preliminarily approving the proposed settlement and directing the Parties to provide notice as approved in said Order.

Having completed the process of providing notice to the Settlement Class, and no objectors having come forward, Plaintiff now moves for final approval of the Proposed Settlement.

After reviewing the Settlement Agreement, Plaintiff's Motion for Final Approval, and the supporting Declarations, and having heard from Counsel at the Preliminary Approval Hearing and the Final Fairness Hearing, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. The Court finds that the proposed Class satisfies the requirements of a settlement class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed class is so numerous that joinder of all members is impracticable, there are questions of law common to the Class, the claims of Plaintiff are typical of the claims of the class, and Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class. The requirement of Rule 23(b)(2) is satisfied because Defendant Conseco Senior Health Insurance Company, dba Senior Health Insurance Company of Pennsylvania ("Defendant" or "SHIP"), is alleged to have interpreted its insurance policies, pursuant a written claim guideline, the ALF Op Memo, in a manner generally applicable to the Class.

2. Accordingly, the Court hereby certifies the following Class solely for the purpose of entering a settlement in this matter:

> All persons who own SHIP policies written on policy forms identified on Exhibit A hereto.

3. The Court hereby grants final approval of the Parties' Settlement Agreement as it meets the criteria for final settlement approval. The Settlement is approved as fair, adequate, and reasonable, appears to be the product of arm's length and informed negotiations, and treats all Settlement Class Members fairly.

4. Pursuant to the Settlement Agreement, the Court hereby orders the following injunctive relief:

> (a) The ALF Op Memo as specified in Exhibit A of the Settlement Agreement, for the States of Minnesota, California and Florida, shall be in effect for all jurisdictions where SHIP has

policyholders. Specifically, an Assisted Living Facility and a Residential Care Facility for the Elderly shall be considered an insured's "home" under a Home Health Care Policy owned by a member of the Class. Univita (and any subsequent administrator of SHIP policies) and SHIP personnel shall be instructed in writing regarding the application of the ALF Op Memo to policyholders who reside in all Fifty (50) States.

(b) All State Departments of Insurance or their regulatory equivalents shall be notified in writing of the injunction described in subparagraph (a) above.

(c) For the two year period following the Effective Date of this Agreement, an audit process shall be implemented to ensure compliance with the injunctive relief described in subparagraph (a) above. Said audit process shall consist of the following:

(i) All claim denials for home health care benefits wherein the stated reason for the denial includes a determination that the insured resides in an ineligible setting shall be reviewed by the SHIP Legal Department. The SHIP Legal Department shall ensure that the claim denials are not made on a basis that is inconsistent with the terms of the Settlement Agreement or this Order.

(ii) SHIP shall use its best efforts to ensure that inquiries to its customer service or call centers about Home Health Care Benefits are identified or marked for any insured who resides in an Assisted Living Facility. SHIP shall audit at least 25% of the review notes of said calls to ensure that the ALF Op Memo, as extended to all Fifty States, is

properly applied in a manner consistent with the terms of the Settlement and this Order.

  (d) SHIP shall prepare quarterly reports of the Legal Department review described in subparagraph (c)(i) above and of the results of the audit process described in subparagraph (c)(ii) above, and shall deliver said reports to Class Counsel for review within 45 days following the end of each calendar quarter.

5. The Court finds that the Parties' notice plan is constitutionally sound and satisfies the requirements of due process. Specifically, the Court finds that the distribution by U.S. first-class mail of the Short-Form Notice to all Class Members whose identies were known to the Parties, and the posting of the Long-Form Notice on the class action website, www.shiplcalf.com, constitute the best notice practicable under the circumstances. Moreover, the Notices were sufficient to inform Class Members of the terms of the Settlement, their right to object to the Settlement, and the process for doing so. Adequate periods of time were provided for Class Members to object to the Settlement, and no Settlement Class Members objected to the Settlement.

6. Plaintiff Beatrice Orkin Gottlieb is appointed as the Class Representative. Corinne Chandler and Alan Kassan of Kantor & Kantor, LLP are appointed as Class Counsel.

7. The Court finds that Plaintiff Beatrice Orkin Gottlieb provided valuable services to the Class, for which injunctive relief was obtained. Accordingly, the Court awards an enhancement payment of $5,000 to Plaintiff. Additionally, pursuant to the Settlement Agreement, Defendant shall pay Ms. Gottlieb the settlement sum of $182,500, as specified in the Settlement Agreement in compromise of her individual claims.

8. The settlement embodied in the Settlement Agreement is not an admission by Defendant nor is this Order a finding of validity of any claims in the

lawsuit or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement, may be construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing, or liability whatsoever.

9. Plaintiff's individual claims and Class members' class claims set forth in the Third Amended Complaint are hereby dismissed with prejudice.

10. The Court hereby directs the Clerk of the Court to enter the Court's Order as the Final Judgment.

11. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the Parties for the purposes of implementing and enforcing the Settlement or enforcing the terms of the Judgment.

12. Class Counsel may move for attorneys' fees and costs, consistent with the terms of the Settlement Agreement, within thirty (30) days after entry of this Order. On the record and in open court, the Parties consented to Magistrate Judge Victor B. Kenton for consideration of and decision on said motion for fees and costs.

DATED:   March 12, 2013

_____
The Honorable George H. King
Chief United States District Judge

# EXHIBIT A

## POLICY FORMS TO BE INCLUDED IN THE CLASS*

| Policy Form | Definition of the Term "Home" ("H") or "Home Health Care" ("HHC") [re location where services are to be rendered] | Guaranteed Renewable |
|---|---|---|
| AIG 45666, 45666 | A private home, a home for the aged, residence home, or similar residential institution. | Yes |
| 10854, 10854-TX 10904(90)-CA, 10921, 10930A, 10938A, 10918, 10927(90)CA, 10927-TN, 10931A, 10940A-FL | HOME HEALTH CARE: "A program provided...in your home, another private home, a home for the retired or aged, or a place that provides residential care..." | Yes |
| 10886 | HOME HEALTH CARE: "A program provided...in the Insured's home, another private home, a home for the retired or aged, or a place that provides residential care..." | Yes |
| 41424, 46041, 47927 | HOME: "Home when used in reference to the Home Care Benefit in this policy means care received in any of the following: 1. A private home; 2. A home for the aged; 3. A residence home, or similar residential institution; or 4. The insured's home." | Yes |
| O431-IN | HOME HEALTH CARE BENEFIT: You may receive these services in your residence, another private home, a home for the retired or aged, or a place providing residential care." | Yes |
| MH-900 | HOME HEALTH CARE: "means Personal Care Services which...are performed in Your home, another private home, a home for the aged, or a resident care home. | Yes |
| 10853 10853 FL, 10853-AR, 10853-AZ, 10853-ID, 10853-KY, 10853-MI, 10853-MS, 10853-MT, 10853-NH, 10853-NM, 10853-OH(2) 90, 10853-OH, 10853-PA, 10853-SC, 10853-SD (4-9-90), 10853-SD, 10853-TN (4-9-90), 10853-TN, 10853-VA, 10853-WV | Your home, another private home, a home for the aged or retired, or a place that provides residential care. | Yes |

Page 1

## POLICY FORMS TO BE INCLUDED IN THE CLASS*

| Policy Form | Definition of the Term "Home" ("H") or "Home Health Care" ("HHC") [re location where services are to be rendered] | Guaranteed Renewable |
|---|---|---|
| 10855<br>10855 is actually 10855-NM or 10855-OH | Your home, another private home, a home for the aged or retired, or a place that provides residential care. | Yes |
| 10860-IN, 10860-IN (7-16-90), 10860-NE | Your home, another private home, a home for the aged or retired, or a place that provides residential care. | Yes |
| 10902, 10902-AR, 10902-AZ, 10902-FL, 10902-IL, 10902-IN, 10902-KY, 10902-MI, 10902-MS, 10902-MT, 10902-TN, 10902-TX, 10902-VA, 10902-WY | Your home, another private home, a home for the aged or retired, or a place that provides residential care. | Yes |
| 10922, 10922 ND, 10922 SC, 10922-TX, 10922-UT, 10922-WV | Your home, another private home, a home for the aged or retired, or a place that provides residential care. | Yes |

*Policy Form Numbers are not the same as your individual Policy Number. The Policy Form Numbers identify the insurance company form and many policyholders have policies with the same form number. Policy Form Numbers are customarily listed on the lower left hand corner of your Policy.